IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN DOE 1, and JOHN DOE 2, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF LABOR, OSHA, JULIE A. SU, Acting Secretary of Labor (official capacity; LPP, and SIGNAL SECURITY, <br><br> Defendants. | **8:25CV590** <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on its own motion. Plaintiffs John Doe 1 and John Doe 2 filed a Complaint, Filing No. 1, on September 30, 2025, which only John Doe 1 signed. Plaintiff John Doe 1 also filed a Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 2, which the Court granted, Filing No. 5. However, Plaintiff John Doe 2 did not sign the Complaint nor did John Doe 2 file a motion seeking leave to proceed IFP. Plaintiff John Doe 2 cannot proceed as a plaintiff in this case if he does not sign the Complaint nor can he proceed without payment of the filing fees unless John Doe 2 submits a separate motion for leave to proceed IFP. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."); NECivR 3.3(c) ("If more than one person brings a civil action for which leave to proceed in forma pauperis is requested, each plaintiff must file an application[ and] affidavit . . . ."). To the extent John Doe 1 may be attempting to represent, or sign on behalf of, John Doe 2, he cannot do so. *C.H. by & through Hunt v. Pattonville Sch. Dist.*, No. 4:21-CV-00443-JCH,

2021 WL 4061106, at *2 (E.D. Mo. Sept. 7, 2021) ("A non-attorney pro se litigant may represent him or herself in federal court, but cannot represent another person."); *United States v. Brenton*, No. 8:04CR262, 2007 WL 3124539, at *1 (D. Neb. Oct. 23, 2007) (citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1333, at 513 & n.15 (2004)) (it is improper for a non-lawyer to sign papers in place of, or to otherwise represent, parties other than themselves).

Accordingly, the Court shall order Plaintiff John Doe 2 to file a signed Complaint in accordance with Federal Rule of Civil Procedure 11 and the Court's Local Rules <u>and</u> either submit the $405.00 filing and administrative fees or a request to proceed in forma pauperis. This matter cannot proceed until the foregoing deficiencies are corrected. FAILURE TO CORRECT THE DEFECTS WITHIN 30 DAYS WILL RESULT IN DISMISSAL OF PLAINTIFF JOHN DOE 2 AS A PARTY TO THIS CASE WITHOUT FURTHER NOTICE.

IT IS THEREFORE ORDERED that:

1. Plaintiff John Doe 2 is directed to correct the above-listed technical defects on or before **October 31, 2025**. To be clear, Plaintiff John Doe 2 must (1) file a signed copy of the Complaint <u>and</u> (2) either pay the $405.00 filing and administrative fees or submit a request to proceed in forma pauperis to the Clerk's office. Failure to comply with this Memorandum and Order will result in Plaintiff John Doe 2 being dismissed as a party to this case without prejudice and without further notice.

2. The Clerk of the Court is directed to send to Plaintiff John Doe 2 the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit") and a copy of the Complaint's signature page, Filing No. 1 at 9.

3. The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **October 31, 2025**: deadline for John Doe 2 to submit signed Complaint and MIFP or payment.

4. Plaintiffs John Doe 1 and John Doe 2 are required to both sign any joint motion, pleading, or other paper filed with the Court. Plaintiffs are WARNED that future group motions or pleadings that are not signed by both Plaintiffs shall be stricken pursuant to Federal Rule of Civil Procedure 11(a).

Dated this 1st day of October, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge