IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN DOE 1,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>UNITED STATES DEPARTMENT OF LABOR, OSHA, JULIE A. SU, Acting Secretary of Labor (official capacity; LPP, and SIGNAL SECURITY,<br><br>　　　　　　Defendants. | 8:25CV590<br><br>MEMORANDUM AND ORDER |

　　Plaintiff John Doe 1 filed a complaint, motion for temporary restraining order, and petition for writ of mandamus. Filing No. 1. Plaintiff is a non-prisoner, is not represented by counsel, and proceeds in forma pauperis. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

　　**I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW**

　　The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

　　"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"

*Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff John Doe 1 sues LPP and Signal Security for alleged dangerous and toxic workplace conditions. He further moves for a writ of mandamus requiring OSHA to investigate his complaints and concerns.

Based on the complaint, it appears LPP was the location of Plaintiff's workplace. It is unclear what relationship exists, if any between LPP and Signal Security, and what Plaintiff's relationship is with either of these defendants. However, it appears Plaintiff was employed by LPP, Signal Security, or both.

Plaintiff alleges that in August of 2025, he began reporting unsafe practices implemented by LPP to cut costs, including exposing multiple employees to highly toxic chemicals resulting in actual or potential hospitalizations; orders to illegally reuse contaminated PAA filters; black specks of contaminants shedding onto meat products meant for human consumption; dangerously slippery and soapy floors with ladders and sharp bladed equipment; and LOTO (lockout/tagout) failures; exposed wiring; and lack of required Personal Protective Equipment (PPE) such as face masks and shields.

Plaintiff alleges that on or about August 17, 2025, management advised him to reuse a PAA filter that was visibly contaminated, beyond its service life, and not legally permitted for reuse. When he attempted to escalate his safety concerns, he was accused of defamation. Plaintiff also reported theft of personal and company property by members of management and/or HR. Rather than disciplining the wrongdoers, LPP retaliated against the reporting employees, effectively punishing those who spoke up.

Plaintiff's employment was suspended on August 23, 2025, and terminated on August 27, 2025. Plaintiff sent an email to LPP stating he believed he was the victim of retaliation for voicing his safety concerns and he intended to report those concerns to the authorities. He demanded retention of records. In response, on September 6, 2025, LPP sent him a $0.00 check with a mocking message.

As to Signal Security, on September 4, 2025, Plaintiff contacted Signal Security and asked it to preserve evidence and documentation. Signal Security did not properly respond. As currently written, Plaintiff's complaint alleges no misconduct by Signal Security other than this alleged failure to respond to Plaintiff's document retention demand.

## III. DISCUSSION

Plaintiff requests: (1) a Writ of Mandamus directing OSHA to investigate his safety and whistleblower complaints; (2) a temporary restraining order and preliminary injunction against LPP and Signal Security to prevent further harassment, retaliation, intimidation, discharge, concealment of hazards, and fabrication of statements against the employees; (3) civil damages and equitable relief for wrongful termination under the public policy exception to employment-at-will; (4) conversion of property; and (5) racketeering in violation of the civil RICO statute.

### A. Writ of Mandamus

The district courts have original jurisdiction of any action requesting a writ of mandamus to compel an officer or employee of the United States or any federal agency to perform a duty owed to the plaintiff. 28 U.S.C. § 1361. A writ of mandamus is extraordinary relief and sparingly granted. The party seeking the writ must show he has no other adequate means to attain the relief desired. The petitioner must have a clear and indisputable right to the relief sought, and the respondent must have a non-discretionary duty to honor that right. In addition, the court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances. *In re Brazile*, 993 F.3d 593, 594 (8th Cir. 2021); *In re Lane*, 801 F.2d 1040, 1042 (8th Cir. 1986).

Plaintiff is requesting a writ requiring OSHA to investigate his complaints. "[E]mployees who believe that a violation of a safety or health standard exists that threatens physical harm, or that an imminent danger exists, may request an inspection" by giving written notice to the Secretary or his authorized representative of the violation or danger. 29 U.S.C.A. § 657 (f)(1). Upon receipt, the Secretary will determine whether there are reasonable grounds to believe that a violation or danger exists. If so, an inspection must

be performed as soon as practicable; if not, the employee must be notified in writing of the Secretary's response. *Id.*

The court must dismiss mandamus claims where the complaint fails to allege that a federal government officer or employee violated a duty owed to the plaintiff. *Smith v. Grimm*, 534 F.2d 1346, 1352 (9th Cir. 1976). Here, OSHA's decision to investigate is discretionary, and Plaintiff does not have a clear right to an OSHA investigation. Plaintiff's request for a Writ of Mandamus to compel an OSHA investigation of his complaints must be denied.

### B. Injunction against LPP and Signal Security

Plaintiff requests an order enjoining LPP and Signal Security from harassing, intimidating, discharging, and falsely accusing employees, retaliating against them, and concealing hazards from them.

Plaintiff appears to be asserting claims on behalf of all employees. Plaintiff is not an attorney. He can file a lawsuit on his own behalf, but a non-attorney litigant may not represent someone else in federal court. *Chatman v. Omaha Housing Authority*, 2025 WL 1827309, at *1 (D. Neb. 2025). So, Plaintiff cannot pursue this case on behalf of his co-employees.

As to claims asserted on Plaintiff's own behalf, he has failed to sufficiently explain what happened, when it happened, who did it, or even the identity of his employer when it occurred. And since Plaintiff no longer works for the employer who committed the misconduct, he has failed to allege how an injunction would benefit him in the future.

Finally, Plaintiff's requested injunctive relief is impermissibly vague. "Every order granting an injunction and every restraining order must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document--the act or acts restrained or required." Fed. R. Civ. P. 65 (d). "Broad language in an injunction that essentially requires a party to obey the law in the future

is not encouraged and may be struck" because Rule 65(d) is intended to provide "fair and precisely drawn notice of what the injunction actually prohibits." *Calvin Klein Cosms. Corp. v. Parfums de Coeur, Ltd.*, 824 F.2d 665, 669 (8th Cir. 1987) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 444 (1974).

The meaning of harassment, retaliation, discharge, intimidation, etc. in the workplace is subject to interpretation and dependent on the people and circumstances involved. The court cannot draft a sufficiently specific injunction for application to every nuance of the employer-employee relationship, and as to Plaintiff's claims, it is ill-equipped and unwilling to provide ongoing workplace oversight. Laws have been enacted to afford employees protection if they report unlawful workplace conditions. Plaintiff's injunction effectively asks for a court order requiring Plaintiff's employer to follow those laws. The court will not do so.

For all the foregoing reasons, Plaintiff has failed to state a claim for injunctive relief.

### C. Damages for Termination in Violation of Public Policy

Plaintiff alleges he was terminated in violation by public policy for reporting OSHA, Food Safety Modernization Act (FMSA), and Food and Drug Administration (FDA) violations and reporting theft of property. He claims these federal statutes enact public policy, and a violation of these statutes supports a public policy exception Nebraska's employment-at-will jurisprudence. Each of the federal laws recited by Plaintiff provides protections and remedies for employees who report violations. See False Claim Act (FCA), 31 U.S.C.A. § 3730; FMSA and FDA, 21 U.S.C.A. § 399d; OSHA violations, 29 U.S.C.A. § 660 (c)(2). Where employee protection is already included in the statutory scheme evidencing the public policy, Nebraska will not duplicate those **statutory** protections by recognizing parallel public policy exceptions to

employment-at-will. *Dibbern v. York Surgical Assocs., P.C.*, 20 N.W.3d 90 (Neb. 2025). Plaintiff has failed to state a claim for damages caused by his employment termination in violation of a public policy exception to employment-at-will.

### D. Conversion of Property

Plaintiff seeks recovery for property conversion. Conversion is wrongfully possessing property in denial of another person's right to possess it. The plaintiff must show a right to immediate possession of the property when it was converted. If the property was not taken intentionally, the plaintiff must also show he demanded its return, but the defendant refused to do so. *Zimmerman v. FirsTier Bank, N.A.*, 585 N.W.2d 445, 451–52 (Neb. 1998).

Here, Plaintiff's complaint does not state what was taken, who took it, when and where that happened, how it came into the possession of another, whether demands for its return were denied or ignored, or any information as to why the property was taken. Plaintiff has failed to state a claim for conversion under Nebraska law.

### E. Civil RICO

Plaintiff alleges Signal Security and LPP committed theft, fraud, and obstruction in a manner and pattern sufficient to establish liability under the civil enforcement provisions of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c). A violation of § 1962(c) requires the plaintiff to allege, with specificity, (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. A civil RICO plaintiff must show a factual and concrete loss proximately caused by the alleged RICO violation. *UMB Bank, N.A. v. Guerin*, 89 F.4th 1047, 1053 (8th Cir. 2024).

The broad, conclusory statements of theft, fraud and obstruction in Plaintiff's complaint must be disregarded. Plaintiff must allege facts. He has failed to allege, with specificity, any of the elements of a civil RICO claim. He

has not alleged facts showing an enterprise existed, what conduct it committed, or what action and inactions it committed that indicate a pattern of racketeering activity. Plaintiff has failed to state a claim for civil RICO recovery.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff has failed to state a claim against any of the defendants. But rather than dismiss the case, the Court will allow Plaintiff to file an amended complaint.

Accordingly,

IT IS ORDERED

1. Plaintiff shall have until **December 24, 2025**, to file an amended complaint. Plaintiff must state facts supporting his claim, including what each defendant did to him, when it was done, how it was done, and how that specific defendant's actions or inactions harmed him. The amended complaint replaces rather than supplements the original complaint. The amended complaint must therefore include all the facts Plaintiff asks the court to consider. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

2. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he files an amended complaint.

3. The Clerk of Court is directed to set a pro se case management deadline using the following text: "**December 24, 2025**:" check for amended complaint."

4. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 24th day of November, 2025.

BY THE COURT:

Cheryl R. Zwart
United States Magistrate Judge