IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOHN DOE 1,

                    Plaintiff,

      vs.

UNITED STATES DEPARTMENT OF
LABOR-OCCUPATIONAL SAFETY
AND HEALTH ADMINISTRATION,
(OSHA); LINCOLN PREMIUM
POULTRY, (LPP); SIGNAL
SECURITY, SARAH J. LINTHACUM,
OSHA WPP Investigator, in her
personal and official capacities;
KRISTINA CARIGNAN, OSHA WPP
Investigator, in her personal and
official capacities; and DAVID
KEELING, Assistant Secretary of
Labor for OSHA (Official Capacity);

                    Defendants.

**8:25CV590**

**MEMORANDUM AND ORDER**

Plaintiff John Doe 1 has filed an amended complaint, Filing No. 12, and its supplement. Filing 17. Plaintiff is a non-prisoner, is not represented by counsel, and proceeds in forma pauperis. The Court now conducts an initial review of Plaintiff's amended complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a

claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT[1]

Plaintiff sues Sarah J. Linthacum and Kristina Carignan, investigators for the Whistleblower Protection Program (WPP) of the Occupational Safety and Health Administration (OSHA), in their official and individual capacities; the United States Department of Labor's Occupational Safety and Health Administration (OSHA); David Keeling, Assistant Secretary of Labor for OSHA, in his official capacity; Lincoln Premium Poultry (LPP); and Signal Security.

Plaintiff was employed by LPP, and Signal Security is a contractor responsible for security and surveillance at the LPP facility. Plaintiff alleges he reported serious workplace safety hazards at LPP's facility. Plaintiff's complaints triggered an OSHA safety investigation and a whistleblower retaliation investigation. Filing 12 at 1-2. On September 4, 2025, Plaintiff issued evidence preservation notices to LPP and Signal Security, but neither entity has confirmed his preservation demand. Filing 12 at 15.

OSHA opened a safety inspection on September 19, 2025, concerning chemical exposure, contaminated filtration systems, lockout-tagout (LOTO) failures, and unguarded cutting equipment. Filing 12 at 5. Linthacum and Carignan were the assigned investigators. Filing 12 at 2. On September 24-25, 2025, Linthacum and Carignan sent multiple emails to Plaintiff and asked him to provide confidential documents in his possession that were relevant to the safety inspection, warning that the complaint would be dismissed if the documents were not provided. Filing 12 at 9. Plaintiff alleges the confidential

---

[1] Plaintiff purports to re-allege and incorporate "by reference the entire factual and legal substance of the original Complaint and all subsequent Amended Pleadings in this case." Filing 17 at 2. This stated incorporation is rejected as inconsistent with the Court's prior order. The Court's order on initial review of the original complaint stated, "The amended complaint replaces rather than supplements the original complaint. The amended complaint must therefore include all the facts Plaintiff asks the court to consider." Filing 10 at 8. The Court will therefore consider only those allegations in the amended complaint and its supplement, Filings 12 and 17.

3

documents were relevant to his whistleblower claim and by demanding their production, Linthacum and Carignan "forced Plaintiff into an untenable position: either disclose confidential information from a legally protected investigation, knowing it would be shared with the employer-respondent, or forfeit his statutory whistleblower protections." Filing 12 at 10. Plaintiff refused to provide the documents because the materials would be forwarded to LPP. Filing 12 at 8.

OSHA scheduled Plaintiff's interview for September 29, 2025, but the investigators failed to appear and never rescheduled the interview. Filing 12 at 5, 8. Plaintiff requested written-first communication as a reasonable accommodation for his PTSD, but the request was interpreted by OSHA as non-cooperation, and it was denied. Filing 12 at 11. OSHA did not visit the LPP facility, conduct an on-site inspection, or interview any critical witnesses. Filing 12 at 6. Plaintiff alleges OSHA demanded that he produce documents already in OSHA's possession, and falsely stated that no reassignment mechanism existed. Filing 12 at 7.

During the federal shutdown from October 1 through November 13, 2025, OSHA did not perform meaningful work. Filing 12 at 9. LPP conducted a self-investigation and concluded Plaintiff's complaints were unfounded. Filing 12 at 6. On October 22, 2025, a production supervisor lost three fingers in a traumatic amputation on an unguarded deboner machine—the hazard Plaintiff had reported. Plaintiff's safety complaint was formally closed on December 9, 2025. Filing 12 at 6.

Plaintiff alleges Keehling allowed the improper closure of the safety case and has not acknowledged his complaints, reopened or corrected the abandoned investigation, addressed the violation of his rights under the ADA, or taken any steps to address the amputation or ongoing hazards.

4

Plaintiff alleges OSHA abandoned its non-discretionary duties to investigate his complaints resulting in catastrophic harm to a former co-worker. He claims that after advising OSHA that he was reporting the agency to the OSC and preparing court filings, OSHA closed his complaints in retaliation, resulting in injuries to workers and the public. Filing 12 at 8-9.

Plaintiff alleges Linthacum and Carignan violated his due process rights, Filing 12 at 11-12; and OSHA violated the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A) by "improperly closing the safety complaint as a "non-formal inquiry" on December 9, 2025, based solely on the employer's self-investigation following a catastrophic amputation," Filing 12 at 12; failing to accommodate his PTSD, Filing 12 at 12; and retaliating against him by "fabricating issues, threatening dismissal, demanding illegal disclosures after protected activity, and abandoning investigations." Filing 12 at 12.

Plaintiff requests:

-- a writ of mandamus requiring OSHA and the Office of Special Counsel (OSC) to perform their investigative duties;

-- an award of damages from Linthacum and Carignan in their individual capacities;

-- a declaration that the defendants' actions and policies violated the APA, the Rehabilitation Act, 29 U.S.C.A. §§ 701 et seq., the Americans with Disabilities Act, 42 U.S.C. §§ 12111 to 12117, OSHA, and Plaintiff's constitutional rights; and

-- injunctive relief compelling (1) OSHA to immediately and lawfully process Plaintiff's whistleblower complaint under the supervision of investigators other than Linthacum and Carignan and to provide Plaintiff with the reasonable disability accommodation of written-first communication, (2) the OSC to perform its mandatory duties regarding

Plaintiff's disclosures, (3) and Defendants LPP and Signal Security to provide written, sworn confirmation of their preservation of all evidence identified in Plaintiff's preservation notices, including surveillance footage from July 1, 2025 through October 29, 2025.

Plaintiff asks the Court to retain jurisdiction to ensure compliance with this order.

## III. DISCUSSION

### A. Writ of Mandamus

The Court's prior order explained that "OSHA's decision to investigate is discretionary, and Plaintiff does not have a clear right to an OSHA investigation." Filing 10 at 5. The Court therefore denied Plaintiff's request for a writ of mandamus to compel an OSHA investigation. The allegations within Plaintiff's amended complaint do not change that outcome.

The amended complaint demands a writ of mandamus requiring investigation by the OCS. The OCS is not named as a defendant, and even if it was, Plaintiff has not alleged a sufficient factual basis, and there is no legal basis, for imposing a writ of mandamus against the OSC.

Plaintiff's request for a writs mandating investigations by OSHA and OSC must be denied.

### B. Damages Claim

Plaintiff seeks damages from Linthacum and Carignan. OSHA and its regulations do not create a private right of action against OSHA investigators. *Chew v. Am. Greetings Corp.,* 754 F.3d 632, 637 (8th Cir. 2014).

Plaintiff claims, however, that by failing to complete their investigative duties, Linthacum and Carignan violated his due process rights and he is entitled to recover under 42 U.S.C. § 1983. To state a claim that substantive due process rights were violated by an executive official, a plaintiff must allege (1) that the official violated one or more fundamental constitutional rights, and

(2) that the conduct of the executive official was shocking to the contemporary conscience. *Fields v. Abbott*, 652 F.3d 886, 890 (8th Cir. 2011) (citing *Flowers v. City of Minneapolis, Minn.*, 478 F.3d 869, 873 (8th Cir.2007) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n. 8, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)). Here, Plaintiff claims he has a constitutional right to have his OSHA complaints investigated. If he is claiming the lack of investigation by Linthacum and Carignan caused a workplace danger in violation of his substantive due process rights, he must allege (1) he is a member of a limited, precisely definable group, (2) the lack of investigation placed him at a significant risk of serious, immediate, and proximate harm, (3) the risk was "obvious or known" to Linthacum and Carignan, (4) they acted recklessly in conscious disregard of the risk, and (5) their conduct "shocks the conscience." *Fields*, 652 F.3d at 891.

Plaintiff is no longer employed at LPP and was not employed there when the investigations were closed. He does not allege any personal harm or risk of personal harm arising from closing the investigation into either his safety or whistleblower complaints, and he cannot assert the rights of others or claim a personal right based on others' injuries or harm. Plaintiff has failed to allege a claim against Linthacum and Carignan for recovery under 42 U.S.C. § 1983.

## C. Declaratory Relief

Plaintiff demands a declaration that the defendants' actions and policies violated the APA, the Rehabilitation Act, the ADA, OSHA, and his constitutional rights. Since Plaintiff has not alleged a constitutional claim and cannot assert a private right of action under OSHA, he cannot obtain an order declaring those rights were violated. The APA is a mechanism for asserting rights against the government, not a right unto itself. Plaintiff has not alleged that he filed for relief under the APA. He does not allege any injury in fact or any injury that could be remedied by declaratory relief, (*see ForUsAll, Inc. v.*

7

*United States Dep't of Lab.*, 691 F. Supp. 3d 14, 24 (D.D.C. 2023)), and he has not alleged a disability as defined under the ADA, (*Battle v. United Parcel Serv., Inc.*, 438 F.3d 856, 861 (8th Cir. 2006) (quoting 29 C.F.R. § 1630.2(I)), or the Rehabilitation Act. 29 U.S.C.A. §§ 705(20) and 7 C.F.R. § 15b.3 (i)-(k). He is therefore not entitled to a declaration that the defendants violated the APA, Rehabilitation Act, or ADA.

## D. Injunctive Relief

Plaintiff seeks injunctive relief from all the defendants and from the OSC. The OSC is not named as a defendant, is not a party to this lawsuit, and for that reason alone, Plaintiff's claim against the OSC must be dismissed.

Plaintiff has named LPP and Signal Security as defendants only to obtain an order requiring them to preserve evidence. His complaint fails to state a claim against these defendants and must be dismissed.

As to the OSHA defendants, Plaintiff has failed to allege an irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (quoting O'Shea v. Littleton, 414 U.S. 488, 501 (1974)). And to prove standing, Plaintiff must show he faces a threat of injury that is 'actual and imminent, not conjectural or hypothetical.'" *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Plaintiff no longer works at LPP, so he no longer faces the alleged workplace concerns raised in his safety complaint, and he has not alleged if and how he will be harmed if his whistleblower complaint is not investigated. He has failed to allege any real or immediate, "certainly impending," or "substantial risk" of harm if injunctive relief is not granted. *Minnesota Chapter of Associated Builders & Contractors, Inc. v. Blissenbach*, 155 F.4th 1015, 1020 (8th Cir. 2025) (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013); *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 153–55 (2010)).

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. After reviewing the allegations in Plaintiff's amended complaint, the Court finds Plaintiff has failed to state a claim upon which relief may be granted. This case will be dismissed.

Accordingly,

IT IS ORDERED:

1.     This matter is dismissed without prejudice.

2.     A separate judgment will be entered.

Dated this 26th day of March, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge